## ADWIN vs. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

The defendants owned and operated two tracks between Syracuse and Rochester, upon different routes, one of which (the *Auburn* route) was longer than the other, and upon which forty-five cents more was charged, for passenger fare, than was charged upon the shorter route (via *Palmyra*.) The plaintiff purchased a ticket at Syracuse, for Rochester, which had, upon the face of it, the words " via Palmyra," paying therefor the lesser fare, and got upon a train bound for Rochester, by the Auburn route. Upon exhibiting his ticket, the conductor told him that he was on the wrong train; that he could not go to Rochester on that train unless he paid forty-five cents more; and that the ticket would carry him to F. (the next station,) and no further. The plaintiff said he expected to go through on that train, and would not pay any more. The conductor thereupon marked the ticket, with his punch, and returned it to the plaintiff. He again came to the plaintiff and asked him if he was going to pay the additional forty-five cents, and being answered in the negative, he told the plaintiff he must get off at F., and on arriving there, ordered the plaintiff to leave the train, and upon his refusal, put him off the cars, as he was required to do, by his instructions.

In an action to recover damages for such ejection, the referee reported in favor of the plaintiff, on the ground that the conductor, instead of punching the plaintiff's ticket, should have expelled him from the cars upon discovering that his ticket was by the other route, and his refusing to pay the additional fare.

*Held*, that this was erroneous. That the conductor was under no obligation to the plaintiff to eject him from the cars, at any time before he should arrive at the point to which he was entitled to travel, on his ticket, so long as he persisted in remaining on the train.

That the plaintiff having taken this train through his own fault or inattention, his voluntary continuance upon it, after being fully notified of the consequences, must be deemed an election, on his part, to abide by the regulation of the company, since it was one lawful and proper to be made and to enforce.

APPEAL, by the defendant, from a judgment entered on the report of a referee.

*M. W. Cooke*, for the appellants.

I. The referee erred in finding that the conductor destroyed the evidence of the plaintiff's right to ride to Rochester upon the direct road *via* Palmyra. 1. It is not a fact that a ticket by one route is destroyed by the punch-

Adwin *v.* N. Y. Central and Hudson River Railroad Co.

ing of it by a conductor upon another; nor does such act destroy the evidence of the passenger's right to ride. Tickets are punched with differently shaped punches, peculiar to each conductor and the route, and for different purposes, as for baggage, &c. If punched by mistake, the error is easily corrected. The punch, in a ticket, even if punched on the route for which it is given is, at most, only *prima facie* evidence that the ticket has been used to the first station from its starting point. 2. The referee could not take judicial notice of such an effect, as a fact. The court takes judicial notice of only those facts about the reality of which there can be no doubt, or which cannot be disproved. 3. The printed ticket was not the evidence of the contract. Upon the question in relation to the ticket, *see Hibbard* v. *N. Y. and Erie R. Co.,* (15 *N. Y.* 456, *op. Brown, J., p.* 365, *and op. Comstock, J., p.* 466, *and cases cited;) Quimby* v. *Vanderbilt,* (17 *id* 306;) *Northern R. R. Co.* v. *Page,* (22 *Barb.* 130, 132.)

II. The referee erred in finding that the conductor did not follow his instructions. His instructions were to collect 45 cents additional fare upon tickets like the one in this case, and in case of refusal to pay this, to put the passenger off. The plaintiff refused to pay the 45 cents extra. The conductor put him off at Farmington, the first station after his last refusal to pay the fare.

III. The referee erred in regard to the measure of damages. (*Sedg. on Dam.* 37. 1 *Cush.* 451.) No other damages having been proved, the referee in his rulings, allowed exemplary damages. (*Sedg. on Dam.* 528, *n.* 1, *5th ed.*) Such damages were not properly allowed against the defendant in this case. Especially is this true, if the conductor did not put the plaintiff off by direction of the defendants. (15 *N. Y.* 455, *opins. of Comstock and Brown, JJ., above cited.*) In the mind of the referee, the case seems to turn on the fact that the conductor did not eject the plaintiff in pursuance of the defendants' direction.

IV. The judgment should be reversed on the merits of the case. The plaintiff was on the Auburn road without any contract to ride thereon, and with no ticket entitling him to a seat to Rochester on that train, and the referee so finds. When the conductor called for his ticket, the plaintiff presented a ticket which did not entitle him to ride to Rochester, but by the regulations of the company, he could ride upon it, on that road, by paying 45 cents more fare. He was fully informed of the situation, and of the demand and regulations of the defendants, immediately after leaving Syracuse, and these demands and regulations were just and reasonable. After the information, the conductor punched the ticket, and returned it to the plaintiff. The plaintiff made no demand or objection, but after being so informed, he took the ticket and continued to ride. By taking the train, he must be presumed to have agreed to all the conditions and regulations, whether he knew them or not. (*Cheney* v. *Bost. & M. R. R. Co.*, 11 *Metc.* 121, 123.) This presumption is strengthened by the acts and silence of the plaintiff in this case. (*Page* v. *N. Y. C. R. R. Co.*, 6 *Duer*, 523.) The conductor repeated his demand, and the plaintiff " perseveringly refused," as the referee says. The plaintiff, from the outset, boisterously demanded a ride through to Rochester, without the payment of extra fare, and refused to comply with the reasonable demands and regulations of the conductor and defendants. This case shows a fair and careful exercise of their rights by the defendants, and an unreasonable, defiant resistance on the part of the plaintiff, after a clear act of negligence and carelessness on his part in getting on to the wrong train at Syracuse, and is very different from those cases of injury to life of well behaved travelers, from negligent employees of railroad companies; and it is submitted that public policy demands that the orderly management of the defendants' trains, which is the real point involved in this case, should be vindicated by the

reversal of this judgment, and the dismissal of the complaint; or a new trial should be ordered.

*A. J. Wilkin,* for the respondent.

I. No negligence or want of care can be imputed to the plaintiff. The company's agents knew its own regulation with respect to selling tickets; the plaintiff did not. He called for a ticket for Rochester, and paid $1.87 for it, which was more than the fare over the direct road, and less than that over the old road. He stepped on a train just passing, bound for Rochester; there was no outcry from any one as to which way the train was going. The ticket agent made no inquiry as to which route he wanted to go. We insist that it was the duty of the ticket agent to ask over which route he was going; to inform him of the difference in the fare; that a ticket, "via Palmyra," would not carry him over the old road, and exact fare accordingly. The plaintiff supposed the fare was the same. It always had been so until January, 1869, since which time he had not ridden over that route. It would seem from the circular, that it made no difference what he paid for the ticket, whether $2.08, or $5; the omission of the words "via Auburn" is made conclusive evidence that he had only paid $1.62, and the penalty was ejectment from the train, unless he paid forty-five cents more; he had, in fact, paid $1.87; this would entitle him to ride 12½ miles further than Farmington in any event, but the absence of "via Auburn" was inexorable, and he had to submit; we therefore insist that the negligent conduct of the agent was the occasion of his being put off the train, and the plaintiff was not in fault.

II. At the interview near Syracuse, the conductor did not request the plaintiff to get off the train, but expressly told him that the ticket would carry him to Farmington. The plaintiff insisted that it ought to carry him to Rochester. Under this state of facts the conductor canceled his

ticket for every purpose, except riding thereon to the place designated. There could be no more express consent that this ticket was a valid ticket, entitling him to a seat on that train. After leaving Canandaigua, the conductor reaffirmed the validity of the ticket, by taking it up, as a contract executed on the part of the plaintiff. The plaintiff had a right to passage by one route or the other. The conductor undertook to, and did, deprive him of a passage over either. It may be said that it was his duty to get off the train when he discovered he was on the wrong one. It certainly was not, unless he was requested to do so by the conductor; but he did not do so. On the contrary, he waived that duty by canceling the ticket, and expressly permitting the plaintiff to ride thereon. The going "via Palmyra" was a condition which he might waive, and he did waive it. The ticket was good for a passage to Rochester, or nothing. The conductor did not take the ground that it was good for nothing. We insist that the condition was waived; that it ripened into a valid contract to carry the plaintiff to Rochester by that road. (*Edgerton* v. *N. Y. & H. R. R. Co.*, 39 *N. Y.* 227 *to* 229.)

III. The company have no right to charge more than $1.62 by either route. Section 7, chap. 76, laws of 1853, (consolidation act) provides, "said consolidated company shall carry 'way passengers' on 'their road' at a rate not exceeding two cents per mile." In questions arising on railroad charters, as to the right to take toll, courts have uniformly construed the charter most in favor of the public commerce and trade; a construction which abridges the grant is to have a preference over one which favors the company. (*Camden and Amboy* v. *Briggs*, 2 *Zabriskie*, 623; *and see* 13 *Penn.* 555.) Passengers from Syracuse to Rochester are "way passengers;" the shortest distance on "their road" is 81 miles; longest 104. If they have a right to charge $2.08 at all, then they can charge it in all cases by either route. They can sell to all, tickets

Adwin *v.* N. Y. Central and Hudson River Railroad Co.

" via Auburn ;" the purchaser can go by either route ; to the complaining passenger the answer would be, the distance is 104 miles, but if you like, you can go by a shorter route, " via Palmyra." Such a construction would enlarge instead of abridging their franchise.

*By the Court,* TALCOTT, J. This action is brought to recover damages for an alleged unlawful ejection of the plaintiff from a passenger car of the defendants, at Farmington, about 24 miles east of Rochester. The defendants operate two tracks between Syracuse and Rochester, one running by way of Palmyra, the most direct route, the other passing through Auburn, Geneva and Canandaigua, and traversing a longer distance than the Palmyra route. The defendants, by reason of the greater distance, charge, as they lawfully may, a greater sum for passenger fare over the route by way of Auburn, &c., than over that by way of Palmyra, and upon the face of the tickets, issued to passengers, specify the route for which the passenger has paid, and by which he is entitled to travel.

The plaintiff purchased a ticket at Syracuse, for Rochester, which on the face of it contained the words, " via Palmyra." It is not claimed that he paid for the ticket any more than the regular fare from Syracuse to Rochester by the way of Palmyra. The plaintiff knew of the two routes, and had traveled over each of them, and knew that the one by way of Auburn &c. was the longest route. There was a train bound for Rochester, by the Auburn route, standing in front of the ticket office, when the plaintiff purchased his ticket, and he got on board this train without, so far as appears, any inquiry, or any fault or neglect on the part of the defendants or any of their servants. This train started immediately, and in a few minutes after starting, the conductor called upon the plaintiff to exhibit his ticket. The distance and fare to Farmington by the Auburn route was the same as to Rochester

by the Palmyra route, and the conductors on the Auburn route were acting under written instructions to collect forty-five cents additional fare from persons holding tickets for passage between Syracuse and Rochester, unless the tickets contained the words "via Auburn."

The company were entitled to charge forty-five cents fare between Farmington and Rochester. When the plaintiff exhibited his ticket, a few minutes after leaving Syracuse, he was informed by the conductor that he was on the wrong train; that the ticket entitled him to a seat to Rochester, by way of Palmyra, and that he could not go to Rochester on that train unless he paid forty-five cents more; and that the ticket would take him to Farmington, and no farther. The plaintiff did not ask to be let off the cars, but declared that he had paid for a ticket to Rochester, and expected to go through on that train, and would not pay any more. The conductor thereupon marked the plaintiff's ticket with his punch and returned it to him, passing on through the cars. Farmington is the next station west of Canandaigua, and immediately after the train left Canandaigua the conductor again called upon the plaintiff and asked him if he was going to pay the additional forty-five cents, and, being answered in the negative, told the plaintiff he must get off at Farmington, the next station. On arriving at Farmington, the conductor told the plaintiff to leave the train. The plaintiff refused, saying he had paid to Rochester, and was going to Rochester on that train and ticket; and thereupon the conductor removed the plaintiff from the car, using no unnecessary force.

The conductors are instructed to put those off the train, who, holding a ticket like that of the plaintiff, and traveling by the Auburn route, refuse to pay the additional forty-five cents.

The referee reported in favor of the plaintiff, upon the ground that it was the duty of the conductor not to have

Adwin *v.* N. Y. Central and Hudson River Railroad Co.

punched the plaintiff's ticket, but to have expelled him from the cars upon the discovery that his ticket was by the other route, and his stating that he should not pay the additional forty-five cents. We think this erroneous. The plaintiff was duly apprised of all the facts, and that his ticket would only carry him to Farmington, as soon as the conductor discovered that the ticket was by the other route. Undoubtedly the plaintiff should have been afforded the opportunity of leaving the cars at that time, or at all events at the next station, had he so desired; but, on the contrary, he, knowing all the facts and the regulation by which he would be required to pay forty-five cents additional for the additional distance by that route to Rochester, and that his ticket would carry him only to Farmington, and being bound to know that the regulation was a lawful one, persisted in remaining on that train. Surely he cannot complain that he was not expelled from the cars at that time. The conductor owed no duty to the plaintiff to eject him, at any time. According to the lawful regulation or custom of the company, he was entitled to travel on that ticket as far as Farmington, and it is doubtful whether the conductor would even have been justified in expelling him from the cars before they arrived at Farmington, upon the ground that the plaintiff declared he would not pay the further sum required for his fare from Farmington to Rochester, which would not become payable until he should have exhausted the privileges conferred by the ticket he held, and seek to travel beyond Farmington. Doubtless the conductor concluded that the statement of the plaintiff that he should not pay the additional forty-five cents payable if he went from Farmington to Rochester, was the result of a momentary irritation, and that upon further reflection he would conform to the regulation of the company. At all events, we think the conductor was under no obligation to the plaintiff to eject him from the cars at any time before he should

arrive at the destination to which he was entitled to travel on his ticket, so long as he persisted in remaining on the train.

The plaintiff having taken this train through his own fault or inattention, his voluntary continuance upon it after being fully notified of the consequences, must be deemed an election on his part to abide by the regulation, since it was one lawful and proper to be made and to enforce.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]